UNITED STATES DISTRICT COURT

for the

District of Connecticut

New Haven Division

| | | |
|---|---|---|
| iMerchandise LLC ) | Case No.: 3:20-cv-00248 | |
| Plaintiff ) | | |
| ) | | |
| -v- ) | March 18, 2020 | |
| ) | | |
| TSDC, LLC ) | | |
| Defendant ) | | |

## NOTICE OF SERVING DOCUMENTS ORDERED BY THE COURT

Now comes the Plaintiff, iMerchandise, LLC, by

and through its attorneys as of record appear,

Paladino & Welsh, LLC and herein gives notice that

on March 18, 2020, they served documents as ordered

by the court to wit: (1) Complaint filed by

iMerchandise, LLC; (2) Amended Complaint filed by

iMerchandise, LLC; (3) Order on Pretrial Deadlines;

(4) Electronic Filing Order; and (5) Standing

Protective Order to the Defendant, TSDC, LLC's
attorney as of record appear.

Richard F. Paladino, Esq.

Federal Bar No. CT 10242

Paladino & Welsh, LLC

33 Main Street, Suite P

Old Saybrook, CT 06475

Tel. No.: (860) 395-3344

Fax No.: (860) 395-3343

Email: rfpgwpsherwood@aol.com

JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

iMerchandise LLC

**DEFENDANTS**

TSDC, LLC

**(b)** County of Residence of First Listed Plaintiff   Middlesex (Connecticut)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cuyahoga (Westlake, OH)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paladino & Welsh, LLC
33 Main Street, Ste P , Old Saybrook, CT 06475
860-395-3344

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Diversity Jurisdiction

Brief description of cause
Tortious interference with business relations; damages and injunction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*    JUDGE                          DOCKET NUMBER

DATE
02/21/2020

SIGNATURE OF ATTORNEY OF RECORD
Richard F. Paladino, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT              APPLYING IFP                JUDGE              MAG. JUDGE

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

New Haven Division

| | | |
|---|---|---|
| iMerchandise LLC | ) | Case No. _____ |
| | ) | |
| | ) | |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| TSDC, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT AND REQUEST FOR INJUNCTION

I.   **The Parties to This Complaint**

   A.   **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | iMerchandise LLC |
| Street Address | 90 Knothe Road |
| City and County | Westbrook, Middlesex |
| State and Zip Code | CT 06498 |
| Telephone Number | 860-399-0064 |
| E-mail Address | morelligf@imerchandise.com |

   B.   **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

    Name

    Job or Title *(if known)*    TSDC, LLC

    Street Address

    City and County    28045 Ranney Pkwy, Ste O

    State and Zip Code    Westlake, Cuyahoga

    Telephone Number    OH 44145

    E-mail Address *(if known)*    440-808-1642

        sellis@flagc.com

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question            ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.      The Plaintiff(s)

     a.      If the plaintiff is an individual

        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

     b.      If the plaintiff is a corporation

        The plaintiff, *(name)* iMerchandise LLC _____, is incorporated under the laws of the State of *(name)* Connecticut _____ and has its principal place of business in the State of *(name)*

        90 Knothe Rd, Westbrook, CT 06498 _____

     *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

     a.      If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____.  Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

b.   If the defendant is a corporation

The defendant, *(name)*  TSDC, LLC _____ , is incorporated under

the laws of the State of *(name)*  Ohio _____ , and has its

principal place of business in the State of *(name)*  28045RanneyPy,WestlakeOH44145

Or is incorporated under the laws of *(foreign nation)*

and has its principal place of business in *(name)*

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

of lost business expectancies and profits including but not limited to lost prospective business relationships, diminished ranking with Amazon, and total loss of storefront posting

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

On the Amazon.com storefront platform

B.   What date and approximate time did the events giving rise to your claim(s) occur?

Defendant Complaint to Amazon on or about November 23, 2019 (Complaint No. 6615269061 AKA 675459633)
Amazon deactivation of Plaintiff's entire account and storefront on or about January 20, 2020 and continuing deactivation to date

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.    What are the facts underlying your claim(s)?  *(For example: What happened to you? Who did what?*
      *Was anyone else involved?  Who else saw what happened?)*
      1. Tortious interference with business relations.
      2. Tortious interference with contractual relations.
      3. Connecticut Unfair Trade Practices (C.G.S. Sec. 42-110 et seq as amended.
      4. Injunction.
      See attached additional pages.

IV.   **Irreparable Injury**

      Explain why monetary damages at a later time would not adequately compensate you for the injuries you
      sustaining, are sustaining, or will sustain as a result of the events described above, or why such compensation
      could not be measured.
      Money damage calculation based upon lost sales, lost profits, business expectancies lost, damages related to
      loss of preferential listing positions on the internet, damage to standing and reputation and the like may be
      difficult to quantify in whole or in part.

V.    **Relief**

      State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
      arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
      the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
      punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
      punitive money damages.
      Lost business expectancies & profits that would have been generated through Amazon & including but not limited
      to lost prospective business relationships related to its other Amazon listings & its priority & preferential listing
      positions with Amazon, based upon sales history; Diminished ranking/prejudicial website listing location; Wrongs
      are continuing based upon Amazon deactivation of Plaintiff's entire "storefront"; Punitive or exemplary damages
      pursuant to C.G.S. Sec. 42-110 et seq as amended; Money damages, as nearly as same can be ascertained, of
      at least $3,500 per day since on or about 1/20/2020;
      Temporary and permanent injunction;
      see attached additional pages

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff

### B.   For Attorneys

Date of signing:                    02/21/2020

Signature of Attorney

Printed Name of Attorney    Richard F. Paladino, Esq.

Bar Number                         CT 10242

Name of Law Firm              Paladino & Welsh, LLC

Street Address                      33 Main Street, Ste P, Old Saybrook

State and Zip Code               CT 06475

Telephone Number              860-395-3344

E-mail Address                    rfpgwpsherwood@aol.com

III.C.  Statement of Claim

## FIRST COUNT (Tortious Interference with Business Relations)

1. The Plaintiff is a limited liability company registered in the State of Connecticut with a principal place of business at 90 Knothe Road, Westbrook, CT 06498.

2. The Plaintiff is and at all relevant times hereunder has been engaged in the business of e-commerce for the retail sale of merchandise including but not limited to t-shirts and utilizing, inter alia, the sales platform known as Amazon.com (Amazon).

3. The Plaintiff, at all relevant times hereunder, had a contractual and mutually financially business relationship with Amazon, by way of a service agreement(s), the terms of which include but are not limited to a percentage split of retail sales by and between the Plaintiff and Amazon.

4. The Defendant is a limited liability company registered in the State of Ohio with a principal place of business at 28045 Ranney Parkway, Suite 0, Westlake, Ohio 44145.

5. The Defendant is and has, at all relevant times hereunder, been engaged in the business of e-commerce for the retail sale of merchandise including but not limited to t-shirts and utilizing, inter alia, Amazon.

6. On information and belief, the Defendant, at all relevant times hereunder, does and has, business in the State of Connecticut and has significant contacts therein, through, inter alia, its Amazon sales and including but not limited to those enumerated under C.G.S. Section 52-59b as amended.

7. On or about November 23, 2019, the Defendant without prior notice to the Plaintiff, registered a complaint with Amazon alleging trademark infringement and known as Complaint number 6615269061 AKA 675459633.

8. On or about November 23, 2019, Amazon contacted the Plaintiff advising that it received a report of trademark infringement from the Defendant.

9. Amazon further advised the Plaintiff that if the Defendant retracted its Complaint, the Plaintiff's account might not be suspended or deactivated.

10. The Defendant knew or should have known that Amazon's method of operation is highly mechanised, bureaucratic and "non-user friendly" making communication with it, including but not limited to the subject Complaint difficult and time consuming.

2

11. Immediately upon notification from Amazon, the Plaintiff sent a plan of action to Amazon, pursuant to its request and all in an effort to reactivate its account and mitigate its damages.

12. The Plaintiff immediately reached out and contacted the Defendant at least, on or about November 23, 2019, December 10, 2019, January 17, 2020, January 21, 2020, January 29, 2020 and February 7, 2020 all in an effort to resolve the Defendant's Complaint, in a good faith effort to accommodate the Defendant's concerns and to reactivate its Amazon account with the Defendant's cooperation.

13. The Plaintiff immediately advised the Defendant that it received no orders for the allegedly infringing item, that it had none of said items in stock and, accordingly, made absolutely no profit thereon.

14. Immediately upon learning of the Defendant's Complaint, on or about November 23, 2019, the Plaintiff notified that Defendant that it gratuitously, without prejudice, removed the allegedly infringing item from the marketplace without the intent to relist or sell it.

15. On or about January 20, 2020, Amazon did deactivate the Plaintiff's entire account and, to date, it remains deactivated to the Plaintiff's financial prejudice and detriment.

16. The Plaintiff removed the allegedly infringing items from the marketplace, without immediate contest and without prejudice because of the economic prejudice it was and continues to suffer and with time being of the essence.

17. The Plaintiff put the Defendant on notice that, as a result of the deactivation of its account and its failure to retract it's Complaint, the Plaintiff had and continues to suffer actual and ascertainable damages in the form of, inter alia, lost business expectancies and profits that would have been generated through Amazon and including but not limited to lost prospective business relationships related to its other Amazon listings and its priority and preferential listing positions with Amazon, based upon its sales history.

18. In addition, because of the Defendant's actions and inactions, Amazon pulled down the Plaintiff's entire "store front" and the Plaintiff is unable to conduct any sales whatsoever on Amazon.

19. Even if and when Amazon reinstitutes the Plaintiff's store front, with or without the Defendant's cooperation, its ranking will be diminished, further prejudicing its sales.

20. In a further good faith effort to address the Defendant's alleged concerns, on or about January 29, 2020, the Plaintiff invited the Defendant to document any loss it claimed to have incurred as a result of the Plaintiff's alleged action and the Defendant has wholly failed to do so.

21. As late as February 7, 2020, the Plaintiff again reached out to the Defendant in an effort to resolve the problem and to work out a procedure to adequately address the Parties' respective interests and concerns and, to date, the Defendant has wholly failed to cooperate in this good faith effort.

22. The Plaintiff's business relationship with Amazon and existing and prospective customers generated thereby has and continues to be damaged.

23. The Defendant negligently, recklessly, willfully and/or intentionally interfered with the business relationship by and between the Plaintiff and Amazon and has wholly failed to act in good faith to resolve any dispute.

24. The Defendant interfered with the Plaintiff's business relationship with Amazon, as aforesaid while knowing of the relationship.

25. As a result of the Defendant's interference and failure to resolve the matter in good faith, the Plaintiff suffered, inter alia, monetary damages

including but not limited to loss profit from its other business and
products listed on Amazon.

26. The Defendant is guilty of fraud, misrepresentation, intimidation or
molestation and/or acted maliciously, with improper motive or improper
means.

27. The Plaintiff has been damaged.

## SECOND COUNT (Tortious Interference with Contractual Relations)

1.-26. Allegations 1-26 inclusive of the First Count are incorporated by
reference herein and made a part hereof.

27. The Plaintiff and Amazon, at all times relevant herein, had a contractual
or beneficial relationship, as aforesaid.

28. The Defendant had knowledge of the aforesaid relationship.

29. The Defendant intended to and did interfere with the aforesaid
relationship.

30. The Defendant took a direct and an active part in persuading Amazon to
suspend Plaintiff's account.

31. The aforesaid interference was tortious.

32. The loss suffered by the Plaintiff was caused by the Defendant's tortious
conduct.

33. The Plaintiff has been damaged.

6

## THIRD COUNT (CUPTA)

1.-26. Allegations 1-26 inclusive of the First Count are incorporated by reference herein and made a part hereof.

27-32. Allegations 25-32 inclusive of the Second Count are incorporated by reference herein and made a part hereof.

33. The aforesaid conduct by the Defendant was unlawful, offends public policy, was unfair, unethical, oppressive and/or unscrupulous.

34. The Defendant was engaged in trade and/or commerce.

35. The Defendant's aforesaid conduct was pursuant to its trade and/or commerce.

36. The Defendant aforesaid conduct constitutes an unfair or deceptive practice, in violation of and pursuant to C.G.S. Section 42-110 et seq as amended.

37. The Plaintiff has suffered an ascertainable loss.

38. The Plaintiff has been damaged.

## FOURTH COUNT (INJUNCTION)

1.-26. Allegations 1-26 inclusive of the First Count are incorporated by reference herein and made a part hereof.

27-32. Allegations 27-32 inclusive of the Second Count are incorporated by reference herein and made a part hereof.

7

33-37. Allegations 33-37 inclusive of the Third Count are incorporated by reference herein and made a part hereof.

38. The aforesaid acts complained of unreasonably interfere with the Plaintiff's business expectancies, contractual relations and/or constitute an unfair trade practice.

39. The aforesaid acts complained of have and will continue to cause the Plaintiff irreparable injury in that, inter alia, they are continuous and recurrent and unless restrained will continue.

40. The Plaintiff has no adequate remedy at law.

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| iMerchandise LLC | TSDC, LLC |
| **(b)** County of Residence of First Listed Plaintiff    Middlesex (Connecticut)<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Cuyahoga (Westlake, OH)<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Paladino & Welsh, LLC<br>33 Main Street, Ste P., Old Saybrook, CT 06475<br>860-395-3344 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity Jurisdiction

Brief description of cause:
Tortious interference with business relations: damages and injunction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/21/2020

SIGNATURE OF ATTORNEY OF RECORD
Richard F. Paladino, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT

for the

District of Connecticut

New Haven Division

| | |
|---|---|
| iMerchandise LLC ) | Case No.: 3:20-cv-00248 |
| Plaintiff ) | |
| ) | |
| -v- ) | February 24, 2020 |
| ) | |
| TSDC, LLC ) | |
| Defendant ) | |

## AMENDED COMPLAINT

Plaintiff, iMerchandise, LLC, by and through

its attorneys, Paladino & Welsh, LLC, complains and

alleges against Defendant, TSDC, LLC as follows:

## NATURE OF THE ACTION

1.  This is an action for an injunction,

damages and other appropriate relief arising out of

the Defendant's violations of unfair competition

and deceptive trade practices under the state and

common law of the State of Connecticut and common

law interference with a contract and contractual

Paladino & Welsh, LLC
33 Main Street, Suite P, Old Saybrook, CT  06475
Tele: 860-395-3344/Fax: 860-395-3343
Juris No. 011070

relations in connection with iMerchandise LLC's successful storefront merchandising on Amazon.com.

2.   As detailed more fully below, Defendant improperly leveraged their ability to file a complaint against the Plaintiff, with Amazon.com, alleging a trademark infringement, causing Amazon.com to completely shut down its storefront and business thereon.  Worst of all, notwithstanding the Plaintiff's immediate and good faith efforts to reach out to the Defendant to address any legitimate trademark infringement concern it may have, and, at the same time, to mitigate Plaintiff's damages and to induce Amazon.com to restore Plaintiff's storefront on the strength of these good faith efforts and a plan of action, the Defendant wholly refused to address the Plaintiff's damages.

3.   As a result, the Defendant has caused Plaintiff unnecessary damages and untold and

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT 06475**
**• Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 01170**

2

irreparable damage to the Plaintiff's business expectancies, storefront position, name and goodwill.

## JURISDICTION AND VENUE

4.    This Court has federal jurisdiction based upon diversity, to wit, diversity of citizenship.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

6.    The Plaintiff in this Complaint is iMerchandise, LLC, a Limited Liability Company, with an office located at 90 Knothe Road, in the Town of Westbrook, County of Middlesex and State of Connecticut 06498.

7.    On information and belief, the Defendant in this Complaint is TSDC, LLC, a Limited Liability Company, with an office located at 28045 Ranney Pkwy., Ste. O, in the Town of Westlake, County of Cuyahoga, and State of Ohio 44145.

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT 06475**
**• Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 01170**

3

## FACTUAL BACKGROUND

8.   The Plaintiff is and at all relevant times hereunder has been engaged in the business of e-commerce for the retail sale of merchandise including but not limited to t-shirts and utilizing, inter alia, the sales platform known as Amazon.com (Amazon).

9.   The Plaintiff, at all relevant times hereunder, had a contractual and mutually financially business relationship with Amazon, by way of a service agreement(s), the terms of which include but are not limited to a percentage split of retail sales by and between the Plaintiff and Amazon.

10.  The Plaintiff, at all relevant times hereunder, had a contractual and mutually financially business relationship with Amazon, by way of a service agreement(s), the terms of which include but are not limited to a percentage split

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT 06475**
**• Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 01170**

4

of retail sales by and between the Plaintiff and Amazon.

11. On or about November 23, 2019, the Defendant without prior notice to the Plaintiff, registered a complaint with Amazon alleging trademark infringement and known as Complaint number 6615269061 AKA 675459633.

12. On or about November 23, 2019, Amazon contacted the Plaintiff advising that it received a report of trademark infringement from the Defendant.

13. Amazon further advised the Plaintiff that if the Defendant retracted its Complaint, the Plaintiff's account might not be suspended or deactivated.

14. The Defendant knew or should have known that Amazon's method of operation is highly mechanized, bureaucratic and "non-user friendly" making communication with it, including but not

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT 06475**
• **Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 01170**

5

limited to the subject Complaint difficult and time consuming.

15. Immediately upon notification from Amazon, the Plaintiff sent a plan of action to Amazon, pursuant to its request and all in an effort to reactivate its account and mitigate its damages.

16. The Plaintiff immediately reached out and contacted the Defendant at least, on or about November 23, 2019, December 10, 2019, January 17, 2020, January 21, 2020, January 29, 2020 and February 7, 2020 all in an effort to resolve the Defendant's Complaint, in a good faith effort to accommodate the Defendant's concerns and to reactivate its Amazon account with the Defendant's cooperation.

17. The Plaintiff immediately advised the Defendant that it received no orders for the allegedly infringing item, that it had none of said

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT   06475**
**Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 011070**

6

items in stock and, accordingly, made absolutely no profit thereon.

18. Immediately upon learning of the Defendant's Complaint, on or about November 23, 2019, the Plaintiff notified that Defendant that it gratuitously, without prejudice, removed the allegedly infringing item from the marketplace without the intent to relist or sell it.

19. On or about January 20, 2020, Amazon did deactivate the Plaintiff's entire account, and, to date, it remains deactivated to the Plaintiff's financial prejudice and detriment.

20. The Plaintiff removed the allegedly infringing items from the marketplace, without immediate contest and without prejudice because of the economic prejudice it was and continues to suffer and with time being of the essence.

21. The Plaintiff put the Defendant on notice that, as a result of the deactivation of its

Paladino & Welsh, LLC
33 Main Street, Suite P, Old Saybrook, CT   06475
Tele: 860-395-3344/Fax: 860-395-3343
Juris No. 011070

7

account and its failure to retract it's Complaint, the Plaintiff had and continues to suffer actual and ascertainable damages in the form of, inter alia, lost business expectancies and profits that would have been generated through Amazon and including but not limited to lost prospective business relationships related to its other Amazon listings and its priority and preferential listing positions with Amazon, based upon its sales history.

22. In addition, because of the Defendant's actions and inactions, Amazon pulled down the Plaintiff's entire "store front" and the Plaintiff is unable to conduct any sales whatsoever on Amazon.

23. Even if and when Amazon reinstitutes the Plaintiff's store front, with or without the Defendant's cooperation, its ranking will be diminished, further prejudicing its sales.

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT   06475**
**Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 011070**

8

24. In a further good faith effort to address the Defendant's alleged concerns, on or about January 29, 2020, the Plaintiff invited the Defendant to document any loss it claimed to have incurred as a result of the Plaintiff's alleged action and the Defendant has wholly failed to do so.

25. As late as February 7, 2020, the Plaintiff again reached out to the Defendant in an effort to resolve the problem and to work out a procedure to adequately address the Parties' respective interests and concerns and, to date, the Defendant has wholly failed to cooperate in this good faith effort.

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT  06475**
**Tele:  860-395-3344/Fax:  860-395-3343**
**Juris No. 011070**

## COUNT ONE

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

26. The Plaintiff incorporates by reference herein and makes a part hereof allegations in each of the preceding paragraphs 1-25 inclusive.

27. The Plaintiff's business relationship with Amazon and existing and prospective customers generated thereby has and continues to be damaged.

28. The Defendant negligently, recklessly, willfully and/or intentionally interfered with the business relationship by and between the Plaintiff and Amazon and has wholly failed to act in good faith to resolve any dispute.

29. The Defendant interfered with the Plaintiff's business relationship with Amazon, as aforesaid while knowing of the relationship.

30. As a result of the Defendant's interference and failure to  resolve the matter

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT  06475**
**Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 011070**

in good faith, the Plaintiff suffered, inter alia, monetary damages including but not limited to loss profit from its other business and products listed on Amazon.

31. The Defendant is guilty of fraud, misrepresentation, intimidation or molestation and/or acted maliciously, with improper motive or improper means.

32. The Plaintiff has been damaged.

## COUNT TWO

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

1.-26. The Plaintiff incorporates by reference herein and makes a part hereof allegations in each of the preceding paragraphs 1-25 inclusive.

27. The Plaintiff and Amazon, at all times relevant herein, had a contractual or beneficial relationship, as aforesaid.

28. The Defendant had knowledge of the aforesaid relationship.

Paladino & Welsh, LLC
33 Main Street, Suite P, Old Saybrook, CT   06475
Tele: 860-395-3344/Fax:  860-395-3343
Juris No. 011070

11

29. The Defendant intended to and did interfere with the aforesaid relationship.

30. The Defendant took a direct and an active part in persuading Amazon to suspend Plaintiff's account.

31. The aforesaid interference was tortious.

32. The loss suffered by the Plaintiff was caused by the Defendant's tortious conduct.

33. The Plaintiff has been damaged.

## COUNT THREE

## CUPTA

1.-26. The Plaintiff incorporates by reference herein and makes a part hereof allegations in each of the preceding paragraphs 1-25 inclusive.

27. The Plaintiff incorporates by reference herein and makes a part hereof allegations 27-32 inclusive of Count Two.

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT  06475**
**Tele: 860-395-3344/Fax:  860-395-3343**
**Juris No. 011070**

12

33. The aforesaid conduct by the Defendant was unlawful, offends public policy, was unfair, unethical, oppressive and/or unscrupulous.

34. The Defendant was engaged in trade and/or commerce.

35. The Defendant's aforesaid conduct was pursuant to its trade and/or commerce.

36. The Defendant aforesaid conduct constitutes an unfair or deceptive practice, in violation of and pursuant to C.G.S. Section 42-110 et seq as amended.

37. The Plaintiff has suffered an ascertainable loss.

38. The Plaintiff has been damaged.

## COUNT FOUR

### INJUNCTION

1.-26. The Plaintiff incorporates by reference herein and makes a part hereof allegations in each of the preceding paragraphs 1-25 inclusive.

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT  06475**
**Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 011070**

27. The Plaintiff incorporates by reference herein and makes a part hereof allegations 27-31 inclusive of Count One.

28. The Plaintiff incorporates by reference herein and makes a part hereof allegations 27-32 inclusive of Count Two.

29. The Plaintiff incorporates by reference herein and makes a part hereof allegations 33-37 inclusive of Count Three.

30. The aforesaid acts complained of unreasonably interfere with the Plaintiff's business expectancies, contractual relations and/or constitute an unfair trade practice.

31. The aforesaid acts complained of have and will continue to cause the Plaintiff irreparable injury in that, inter alia, they are continuous and recurrent and unless restrained will continue.

32. The Plaintiff has no adequate remedy at law.

**Paladino & Welsh, LLC**
**33 Main Street, Suite P, Old Saybrook, CT   06475**
**Tele: 860-395-3344/Fax: 860-395-3343**
**Juris No. 011070**

14

## PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF RESPECTFULLY CLAIMS AND DEMANDS:

(a)  that the Court find that the Defendant pay the Plaintiff money damages because it:

(i) tortiously interfered with the Plaintiff's business relations;

(ii) tortuously interfered with the Plaintiff's contractual relations;

(iii) violated CUTPA;

(b)  that the Court find that the Defendant pay the Plaintiff punitive damages and attorney's fees pursuant to Connecticut General Statutes §42-110g(d), as amended;

(c)  that the Court enter a permanent injunction requiring the Defendant to withdraw its Complaint(s) with Amazon.com and to take all such other action reasonably required to reactivate Plaintiff's account; and

Paladino & Welsh, LLC
33 Main Street, Suite P, Old Saybrook, CT  06475
Tele: 860-395-3344/Fax: 860-395-3343
Juris No. 011070

15

(d) that the Court enter all such other relief as in law or in equity may appertain and as the Court may deem just and proper.

## NO DEMAND FOR JURY TRIAL

The Plaintiff does not demand a jury trial.

Dated at Old Saybrook, Connecticut, this 24th day of February, 2020.

THE PLAINTIFF
By:

Richard F. Paladino, Esq.
Federal Bar No. CT 10242
Paladino & Welsh, LLC
33 Main Street, Suite P
Old Saybrook, CT 06475
Tel. No.: (860) 395-3344
Fax No.: (860) 395-3343
Email:
rfpgwpsherwood@aol.com

Paladino & Welsh, LLC
33 Main Street, Suite P, Old Saybrook, CT  06475
Tele: 860-395-3344/Fax: 860-395-3343
Juris No. 011070

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the presiding Judge, parties in civil cases shall adhere to the following deadlines:

(a) All motions relating to joinder of parties or amendment of the pleadings shall be filed within the latest of the following: (i) 35 days after the appearance of the last defendant or (ii) 60 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District, except that a defendant may file a third-party complaint within 14 days of serving an answer, as permitted by Fed.R.Civ.P. 14(a).

(b) The filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery.

(c) Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 16 but the parties may commence formal discovery immediately thereafter without awaiting entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at any time. Unless otherwise ordered, discovery shall be completed within 6 months after the latest of the following: the filing of the complaint, the filing of a petition for removal, the transfer of an action from another District, or the appearance of the last defendant.

(d) Unless otherwise ordered, all motions for summary judgment shall be filed within 35 days after the deadline for completion of discovery.

By Order of the Court

Robin D. Tabora, Clerk

(Rev. 7/30/2018)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## ELECTRONIC FILING ORDER

All documents in this case will be filed electronically. Documents filed electronically must be filed in OCR text searchable PDF format. Counsel are reminded that they must comply with the requirements set forth in the District Court's CM/ECF Policies and Procedures Manual.

Unless otherwise ordered, on the business day next following the day on which a document is filed electronically, counsel must provide Chambers with one paper copy of the following e-filed documents:

All pleadings (including briefs and exhibits) supporting or opposing the following:

a.   Applications for temporary restraining orders, preliminary injunctions or prejudgment remedies;

b.   Motions to dismiss or for summary judgment;

c.   Trial briefs, including proposed findings of fact and conclusions of law; and

d.   Any other filing that exceeds 15 pages.

/s/ Robert N. Chatigny
Senior United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**STANDING PROTECTIVE ORDER**

1.      It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2.      Information, documents and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

3.      "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4.      "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5.      Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

b. *Witnesses or Prospective Witnesses:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

c. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Counsel:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

e. *Other Persons:* Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6.     Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a. Inform the person of the confidential nature of the Designated Material; and

b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.     The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to

sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8.      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9.      Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

10.     Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

11.     The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12.     A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

13.     Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order

and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14.      Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such Designated Material.  If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

15.      Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16.      Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

17.      Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

18.      Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party

bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

20.    The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,


/s/ Robert N. Chatigny
Robert N. Chatigny
Senior United States District Judge

**EXHIBIT A**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____ _____have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____DATED:_____

Signed in the presence of:

_____(Attorney)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Serving Documents Ordered By The Court and documentation attendant thereto, were filed electronically on the 18th day of March, 2020. Notice of this filing will be sent by email to all parties as of record appear by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

Anthony B. Corleto, Esq.
Wilson Esler, LLP
1010 Washington Blvd.
Stamford, CT 06901
Tel: 203-388-2404
Email: tony.corleto@wilsonelser.com

Richard F. Paladino, Esq.
Federal Bar No. CT 10242
Paladino & Welsh, LLC
33 Main Street, Suite P
Old Saybrook, CT 06475
Tel. No.: (860) 395-3344
Fax No.: (860) 395-3343
Email: rfpgwpsherwood@aol.com